IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARIO REMALE MILTON, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:16-CV-00179-MTT-CHW |
| SOLOMON POPE, *et al.*, | : |
| Defendants. | : |
| _____ | : |

## ORDER

In accordance with the Court's previous orders, *pro se* Plaintiff Mario Remale Milton, an inmate currently confined at the Macon State Prison in Oglethorpe, Georgia, has supplemented his original Complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's submissions are now ripe for preliminary review.

### PRELIMINARY SCREENING

**I.      Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it

"(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual

2

allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   Factual Allegations and Plaintiff's Claims

According to Plaintiff's Complaint, on or about January 5, 2016, Plaintiff received a disciplinary report written by Defendant Pope, a corrections officer, for "failure to follow code C-15." (Compl. 5, ECF No. 1.) Plaintiff contends the disciplinary report was technically deficient because Defendant Pope wrote "outside of factual statement lines," and he also contends he was never properly served with the report. *Id.* Moreover, Plaintiff alleges he was not properly informed of his rights regarding the disciplinary review process nor was he provided with an advocate to help him "protect [his] due process" rights. *Id.* In his Court-ordered supplement, Plaintiff alleges he was ultimately convicted of the "failure to follow" offense and was given sixty days of store restrictions as punishment. (Suppl. Compl. 1, ECF No. 8.) Plaintiff contends each named Defendant played a role in depriving him of his constitutional rights with respect to these disciplinary charges and his resulting punishment, and as a result he seeks nominal, compensatory, and punitive damages. (Compl. 10.)

The crux of Plaintiff's claims appears to be his contention that Defendants violated his due process rights by disciplining him without the proper procedural protections. It is well-settled that the Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without the due process of law." U.S. Const. amend. XIV. In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived him of

3

a constitutionally protected liberty or property interest without constitutionally adequate process. *See, e.g., Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (per curiam).

With any procedural due process claim, the court "must first determine whether the injury claimed by the plaintiff is within the scope of the due process clause." *Kirby v. Siegelman*, 195 F.3d 1285, 1290 (11th Cir. 1999) (per curiam). An inmate is only entitled to due process (1) when the condition to which he is being subjected is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the State has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Kirby*, 195 F.3d at 1290-91.

According to Plaintiff's Supplemental Complaint, the only disciplinary sanction he received was restriction from the prison store for sixty days. (Suppl. Compl. 1.) This restriction, "though concededly punitive, does not present a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence." *Sandin*, 515 U.S. at 485. Thus, in subjecting Plaintiff to this penalty, prison officials did not deprive him of a constitutional liberty interest that entitled him to due process procedures at a disciplinary hearing. *See, e.g., Moulds v. Bullard*, 345 F. App'x 387, 396 (11th Cir. 2009) (per curiam) (holding that 201-day "temporary loss of privileges," which included deprivation of one meal per day and deprivation of use of mattress for half of each day, did "not rise to the level of a constitutional violation" within the meaning of *Sandin*); *see also Butler v.*

4

*Underwood*, No. 5:12-CV-1 (MTT), 2012 WL 1932951, at *2-3 (M.D. Ga. Apr. 25, 2012) (prisoner who received ninety days each of telephone restriction, store restriction, package restriction, and impoundment of personal property as a result of disciplinary violation did not state a cognizable due process claim); *Taylor v. White*, No. 11-0377-CG-N, 2012 WL 404588, at *3 (S.D. Ala. Jan. 10, 2012) (holding that prisoner's "thirty-day loss of phone and store privileges and six-month loss of visitation privileges do not reflect a loss of a liberty interest to which due process attaches, either under the Constitution or by the State's creation"). Plaintiff's due process claims are thus **DISMISSED without prejudice.**

### III.   Conclusion

Based on the foregoing, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Because it does not appear that the applicable statute of limitations would bar Plaintiff from refiling these claims, the Court finds that Plaintiff's Complaint must be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 21st day of September, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT